COURT OF APPEALS OF VIRGINIA

Present:  Chief Judge Moon, Senior Judges Duff and Hodges

EDWARD L. MOHLER, JR.

v.     Record No. 0678-94-3     MEMORANDUM OPINION[*] BY
                                CHIEF JUDGE NORMAN K. MOON
COMMONWEALTH OF VIRGINIA               AUGUST 8, 1995

FROM THE CIRCUIT COURT OF ROCKBRIDGE COUNTY
George E. Honts, III, Judge

William E. Bobbitt, Jr., Public Defender, for
appellant.

Marla Lynn Graff, Assistant Attorney General
(James S. Gilmore, III, Attorney General, on
brief), for appellee.


Edward L. Mohler, Jr. appeals the circuit court's order
revoking previously suspended sentences for violating the terms
of his probation.  On appeal, Mohler contends that the trial
court's order must be reversed because he was denied a
preliminary revocation hearing.  Mohler also argues that the
delay in the court's taking action in regard to his detention
prior to the final revocation hearing violated his due process
rights.  We disagree and affirm.

"The absence of a preliminary hearing to determine temporary
detention is irrelevant after a full evidentiary hearing has been
conducted to determine whether probation or parole should be
revoked."  Howie v. Commonwealth, 222 Va. 625, 631, 283 S.E.2d
197, 200 (1981).  After Mohler was advised in writing of the

_____

    [*]Pursuant to Code § 17-116.010, this opinion is not
designated for publication.

probation conditions he was alleged to have violated, he was afforded a full evidentiary hearing at which he both cross-examined witnesses and presented evidence in his behalf.  At the conclusion of the hearing, the trial judge decided to revoke appellant's suspended sentences and probation.  The record does not show that Mohler's due process rights were violated because he was not given a preliminary hearing.  See id.

Lastly, Mohler's argument that the two month delay before the final revocation hearing was "so great so as to violate his due process rights" is barred from appeal because he failed to raise this question before the trial court.  Rule 5A:18; see also Cottrell v. Commonwealth, 12 Va. App. 570, 574, 405 S.E.2d 438, 441 (1991) (holding that this procedural bar applies even to a defendant's constitutional claim).  Moreover, we find nothing inherently prejudicial about Mohler's two month wait for his hearing which, according to the record, was "scheduled as soon as feasible."

Affirmed.